FILED

'17 MAY 30 PM 12: 5(

CLERK, U.S. DISTRICT COU
SOUTHERN DISTRICT OF CALIFO;

BY: _____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL AGUIRRE BARAJAS,<br><br>                     Petitioner,<br><br>v.<br><br>R. GRAVES,<br><br>                     Respondent. | Case No.: 16cv2122-BTM (KSC)<br><br>**REPORT AND RECOMMENDATION RE RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. No. 17]** |

Before the Court is a First Amended Petition for a Writ of Habeas Corpus ("Amended Petition") filed on September 26, 2016, by petitioner Raul Aguirre Barajas ("petitioner"), a state prisoner proceeding *in forma pauperis*. [Doc. Nos. 9, 11.] On January 4, 2017, respondent R. Graves ("respondent") filed a Motion to Dismiss the Amended Petition as untimely. [Doc. No. 17.] Petitioner did not respond to respondent's Motion to Dismiss. After a thorough review of Amended Petition [Doc. No. 11], respondent's Motion to Dismiss [Doc. No. 17], and the supporting documents submitted by respondent [Doc. No. 18], the Court **RECOMMENDS** that respondent's Motion to Dismiss be **GRANTED**, and that the Amended Petition be **DISMISSED**.

///

///

# I.   PROCEDURAL HISTORY

Petitioner is an inmate currently serving a third strike 45-year-to-life term for murder. [Doc. No. 18-2, at p. 1.] He is also serving an indefinite administrative term in the secure housing unit ("SHU") as a result of being validated as an associate of the Mexican Mafia prison gang. *Id.*

On July 10, 2013, while incarcerated at Pelican Bay State Prison, petitioner received a Rules Violation Report ("RVR") for willfully delaying a peace officer by participating in a hunger strike and missing nine consecutive state issued meals. [Doc. No. 11, at p. 41; Doc. No. 18-1, at pp. 30-31.] After a disciplinary hearing on July 25, 2013, the hearing officer found petitioner guilty of willfully delaying a peace officer in the performance of duty arising from his participation in the hunger strike. [Doc. No. 11, at p. 43; Doc. No. 18-1, at pp. 21-22.] The hearing officer imposed a forfeiture of ninety days of conduct credits as petitioner's penalty. [Doc. No. 11, at p. 44; Doc. No. 18-1, at pp. 21-22.] Petitioner unsuccessfully challenged the disciplinary decision by filing administrative appeals within the prison system. [Doc. No. 11, at pp. 19, 57-58; Doc. No. 18-1, at pp. 26-35.] On December 23, 2013, the Pelican Bay State Prison issued the third (and final) level appeal decision affirming the RVR and finding petitioner guilty of willfully delaying a peace officer for his participation in the hunger strike. [Doc. No. 11, at pp. 19, 57-58.]

On May 8, 2014[1], petitioner filed a petition for writ of habeas corpus in the Superior Court of Del Norte County.[2] [Doc. No. 18-1, at pp. 1-13.] Petitioner argued that "the disciplinary guilty finding was unlawful." *Id.* at p. 4. Specifically, petitioner argued that

---

[1] Because petitioner is a pro se, incarcerated prisoner, the "mailbox rule" applies, meaning that his petition is deemed filed on the date of its submission to the prison authorities for mailing. *See Noble v. Adams*, 676 F.3d 1180, 1182 (9th Cir. 2012). The application of the mailbox rule is not disputed by respondent in the Motion to Dismiss; in fact, throughout respondent's Motion to Dismiss, respondent refers to the filing date of documents by petitioner as the "constructive filing date." [*See, e.g.*, Doc. No. 4:5; 4:13; 4:20.]

[2] Case Number HCPB14-5070

1  "the decision not to eat is a medical decision" and defendants violated his "right of privacy

2  when they chose to punish him for his right to make a medical decision." *Id.* at p. 6.

3  Petitioner further argued that defendants gave "no evidence of force and violence, nor any

4  evidence of delaying a peace officer." *Id.* at p. 8. In a four-page order filed on March 9,

5  2015, the Del Norte Superior Court denied petitioner's writ of habeas corpus. [Doc. No.

6  18-2, at pp. 1-4.] The Del Norte Superior Court found that "[p]etitioner is statutorily

7  precluded from earning credits against his sentence because of his three-strikes conviction

8  (Penal Code §2933.2(a)), because is serving a sentence for murder (Penal Code §1933.5)

9  and because he is a validated prison gang affiliate housed in the SHU (Penal Code §

10  2933.6)." *Id.* at pp. 1-2. In denying the petition, the Court noted that "[p]etitioner is not

11  eligible to earn custody credits." *Id.* "Nevertheless, the hearing officer, as punishment for

12  this disciplinary offense, assessed a 90-day credit forfeiture, but advised Petitioner that if

13  he remained discipline free for six months he may qualify for restoration of credits." *Id.*

14       On May 18, 2015, petitioner filed a petition for writ of habeas corpus in the

15  California Court of Appeal.[3] [Doc. No. 18-3, at p. 20.] Petitioner contended in his petition

16  to the California Court of Appeal that:

17       He did not seek to have his credits restored but rather to have his record
         cleared of a frivolous conviction for a non-existent prison rule violation.
18       . . . Petitioner's requested remedy is dismissal [of the guilty finding of
         willfully delaying a peace officer] because, when Petitioner finally
19       appears before the Parole Board for a suitability hearing, 'institutional
         behavior' is a statutory factor which the Parole Board is mandated to
20       consider on determining whether to grant Parole or not.

21

22  *Id.* at p. 16. (internal citation omitted).

23       The California Court of Appeal denied petitioner's writ of habeas corpus on July 9,

24  2015 in a one sentence decision stating "[t]he petition for a writ of a habeas corpus is

25

26  _____

27  [3] Case Number A145244

28

1 | denied." [Doc. No. 11, at p. 92.] On August 10, 2015, petitioner filed a petition for writ

2 | of habeas corpus with the California Supreme Court.[4] [Doc. No. 11, at pp. 15-35.] The

3 | California Supreme Court summarily denied the petition on January 13, 2016. [Doc. No.

4 | 18-4, at p. 1.]

5 | The first federal Petition for Writ of Habeas Corpus in this case was filed on August

6 | 1, 2016 (hereinafter "First Federal Petition"). [Doc. No. 1.] On August 30, 2016, the Court

7 | dismissed without prejudice the First Federal Petition for failure to name a proper

8 | respondent. [Doc. No. 9, at pp. 2-3.] On September 22, 2016, petitioner filed the instant

9 | Amended Petition for Writ of Habeas Corpus before the Court. [Doc. No. 9]. The instant

10 | Amended Petition alleges that the disciplinary decision finding petitioner guilty was

11 | unlawful and deprived petitioner of his rights to due process of law, among other things.

12 | [Doc. No. 11, at p. 7.] On October 11, 2016, this Court issued a briefing schedule. [Doc.

13 | No. 12.] Respondent filed the instant Motion to Dismiss the Amended Petition on January

14 | 4, 2017. [Doc. No. 17.] To date, petitioner has not filed an Opposition.[5]

## II.   STANDARD OF REVIEW

The Amended Petition is governed by 28 U.S.C. § 2254, as amended by the 1996

Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 2254(a) sets forth the

scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court
> shall entertain an application for a writ of habeas corpus in behalf of a
> person in custody pursuant to the judgment of a State court only on the
> ground that he is in custody in violation of Constitution or laws or
> treatises of the United States.

28 U.S.C. § 2254(a).

---

[4] Case Number S228819

[5] As set forth in the Court's briefing schedule issued on October 11, 2016, the deadline for petitioner to file an opposition to respondent's Motion to Dismiss was January 9, 2017. [Doc. No. 12.]

The AEDPA created a one-year statute of limitations for the filing of a federal habeas petition by a state prisoner. The applicable statute of limitations is set forth in 28 U.S.C. § 2244(d) as follows:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. the date on which the impediment to filing an application created by the State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such State action;

C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right had been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. Section 2244(d).

///

///

///

///

///

///

5

# III. DISCUSSION

## A. Timeliness of the Petition

Respondent moves to dismiss petitioner's petition on the basis that it is untimely.[6] [Doc. No. 17-1, at p. 2.] Respondent contends "for the 952-day period between the third level administrative appeal decision upholding [petitioner's] disciplinary ruling and the filing of his federal Petition, [petitioner] is not entitled to 407 days of tolling." *Id.* at p. 5. Respondent admits that a petitioner is entitled to statutory tolling during the time that a "properly filed" state post-conviction or other collateral-review petition is "pending." *Id.* at p. 2 (citing 28 U.S.C. § 2244(d)(2); *Carey v. Gil*, 536 U.S. 214, 217-21 (2002)). Respondent argues, however, that "applications must be filed within a 'reasonable time,' to be considering pending." [Doc. No. 17-1, at p. 3 (citing *Gil*, 536 U.S. at 217-21; *Evans v. Chavis*, 546 U.S. 189 (2002)).] Respondent further argues that petitioner is not entitled to equitable tolling. [Doc. No. 17-1, at p. 5.] As a result, respondent contends that petitioner filed his First Federal Petition 42 days after the applicable statute of limitations expired. *Id.*

The AEDPA imposes a one-year statute of limitations for state prisoners to file an application for writ of habeas corpus. 28 U.S.C. § 2244(d). The one-year limitations period applies to all "habeas petitions filed by persons in 'custody pursuant to the judgment of a State Court,' 28 U.S.C. § 2244(d)(1), even if the petition challenges a pertinent administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th. Cir. 2004). In *Shelby*, the Ninth Circuit held that the statute of limitation period applies "even if the petition challenges a pertinent administrative decision rather than a state court judgment." *Id.* at 1063. The Ninth Circuit took this same position in *Redd v. McGrath*, in which the AEDPA's statute of limitations was applied to an inmate's

---

[6] For purposes of calculating timeliness, the Court uses the date that petitioner filed his First Federal Petition, August 1, 2016, not the filing date of his Amended Petition. Respondent does not dispute using August 1, 2016 for purposes of calculating timeliness. [Doc. No. 17-1, at p. 4.]

1 petition challenging the denial of his administrative appeal. *Redd v. McGrath*, 343 F.3d
2 1077 (9th Cir. 2003). Because petitioner is "a person in custody pursuant to the judgment
3 of a State Court," his petition is governed by the AEDPA's one-year statute of limitations.
4 28 U.S.C. § 2244(d)(1).

5     The one-year statute of limitations begins to run from the "date on which the actual
6 predicate of the claim or claims presented could have been discovered through the exercise
7 of due diligence." 28 U.S.C. § 2244(d)(1)(D). In *Shelby*, the prison board's denial of the
8 inmate's administrative appeal formed "the factual predicate of the claim or claims
9 presented," and so the limitations period began to run on the day after the inmate learned
10 of the prison board's decision. *Shelby* at 1066. (citing 28 U.S.C. § 2244(d)(1)(D)). The
11 limitations period in *Redd* also began to run on the day after the inmate learned the prison
12 board had denied his administrative appeal. *Redd* at 1082.

13     Here, on December 23, 2013, petitioner learned his third-level administrative appeal
14 had been denied. [Doc. No. 11, at pp. 57-58.] The one-year limitations period thus began
15 to run on the following day, December 24, 2013.[7] Absent sufficient tolling of the
16 limitations period, the petition filed on August 1, 2016, is untimely.

17 **1. <u>Statutory Tolling</u>**

18     The AEDPA tolls its one-year limitations period for the "time during which a
19 properly filed application for State post-conviction or other collateral review . . . is
20 pending." 28 U.S.C. § 2244(d)(2); *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999)
21 *overruled on other grounds by Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008). An
22 application for state post-conviction review is considered "pending" during the interval
23 between the lower state court's adverse decision and the prisoner's filing of a notice of

---

[7] *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying FRCP 6(a) to compute the time at which the statute of limitations commences under the AEDPA). The Court rejects respondent's contention in the Motion to Dismiss that petitioner had 365 days from December 23, 2013 to file his petition, absent relevant tolling. [Doc. No. 17-1, at p. 4.] Rather, the Court finds that petitioner had 365 days from December 24, 2013 to file his petition, absent relevant tolling.

appeal in the higher state court, provided that the filing of that notice is timely under state law. *Carey v. Saffold*, 536 U.S. 214, 222-25 (2002). In California, where habeas decisions are not appealed but may be filed originally in each court, "pending" includes a reasonable time, such as 30 to 60 days, between decision and subsequent filing. *Evans v. Chavis*, 546 U.S. 189 (2006) (holding that an unjustified and unexplained six-month delay is presumptively unreasonable). The statute of limitations is not tolled however, "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Nino*, 183 F.3d at 1006. Similarly, the limitations period is not tolled after state post-conviction proceedings are final and before federal habeas proceedings are initiated. *See* 28 U.S.C. § 2244(d)(2).

Here, petitioner filed his first state habeas petition in the Del Norte Superior Court on May 8, 2014. [Doc. No. 18-1, at pp. 1-13.] The AEDPA's one-year statute of limitations was not tolled during the 135 day period between the end of petitioner's direct appeal on December 24, 2013, and petitioner's first state collateral challenge on May 8, 2014. *Nino*, 183 F.3d at 1006 (no tolling between finality of judgment and filing of application for post-conviction relief). Thus, petitioner had 230 days left to file his federal habeas petition once he finished the state collateral review process. The Del Norte Superior Court denied petitioner's first habeas petition on March 9, 2015. [Doc. No. 18-2, at pp. 1-4.] The Court indicated that it need not decide "the merits of the petition" because petitioner is statutorily precluded from earning credits against his sentence because of his three-strikes conviction and because he is a validated prison gang affiliate housed in the SHU. *Id.* at pp. 1-2. Seventy days later, on May 18, 2015, petitioner filed his habeas petition in the California Court of Appeal. [Doc. No. 18-3, at pp. 1-18.]

Respondent contends petitioner is not entitled to tolling for the period between the Del Norte Superior Court's denial of the petition and the refiling of the petition in the California Court of Appeal because the "unexplained and unjustified 70-day delay is 'unreasonable.'" [Doc. No. 17-1, at p. 4.] In *Evans*, the Supreme Court indicated that a delay of six months is unreasonable. 546 U.S. at 201. The Court stated "[s]ix months is

far longer than the short period[s] of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court. . . . We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing day reasonable." *Id.* (internal quotations and citation omitted). In *Culver v. Director of Corrections*, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006), the court found a delay of 71 days and 97 days was unreasonable. Here, petitioner provides no explanation or justification for the 70-day delay period between the Del Norte Superior Court's denial of his petition and the refiling of the petition in the California Court of Appeal, and precedent dictates that such delay is unreasonable under California law. *See, e.g., Hunt v. Felker*, 2008 WL 364995 (E.D. Cal. 2008) (70-day delay unreasonable).

Accordingly, the period between the Del Norte Superior Court's denial of petitioner's first petition on March 9, 2015 and the refiling of the petition in the California Court of Appeal on May 18, 2015, was not tolled. *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) ("Tolling under section 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards.") The statute of limitations clock thus started again when the Del Norte Superior Court denied petitioner's first state habeas petition on March 9, 2015. Therefore, when petitioner refiled his habeas petition in the California Court of Appeal on May 18, 2015, an additional 70 days had lapsed against the one-year federal statute of limitations period, leaving petitioner with 160 days to file his federal habeas petition once he completed the state collateral review process.

The California Court of Appeal denied his petition on July 9, 2015. [Doc. No. 11, at p. 92.] Then, 31 days later, on August 10, 2015, petitioner filed a petition for writ of habeas corpus with the California Supreme Court. [Doc. No. 11, at pp. 15-35.] The Court finds that the 31 day delay is reasonable, and therefore the statute of limitations was tolled during that period. On January 13, 2016, the California Supreme Court summarily denied petition. *Id.* At that point, petitioner still had 160 days to file his federal petition. Two hundred and one days later, on August 1, 2016, petitioner filed the First Federal Petition. [Doc. No. 1.] Thus, the petition is untimely unless petitioner is entitled to equitable tolling.

## 2. Equitable Tolling

The United States Supreme Court has held that the AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010). While equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner demonstrates two specific elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 632 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). It is a high standard to meet the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Guillory v. Rose*, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal citation omitted).

Petitioner has not filed any document requesting equitable tolling or otherwise demonstrated he is entitled to equitable tolling. As evidenced by the record, petitioner has failed to establish that he was diligent in pursuing his rights. Petitioner filed his federal petition 41 days after the 365-day AEDPA statute-of-limitations period had expired, without any explanation regarding why his petition was late. Similarly, petitioner has failed to establish that there were any extraordinary circumstance(s) that prevent him from filing a timely petition. Accordingly, the Court finds equitable tolling is not warranted in this case.

## B. Habeas Corpus Jurisdiction

Respondent also argues that the Court should dismiss petitioner's federal petition "because success on his claims will not necessarily accelerate his release." [Doc. No. 17-1, at p. 6.] Respondent further asserts that "the challenges to [petitioner's] disciplinary decision cannot invoke habeas jurisdiction under the facts of this case." *Id.* at pp. 6-7 (citing *Hill v. McDonough*, 547 U.S. 574, 579 (2006)).

"The Supreme Court has recognized that '[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871. . . 42 U.S.C. § 1983.'" *Nettles*

*v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc), *cert. denied,* 137 S.Ct. 645 (2017) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)). "'Challenge to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a §1983 action.'" *Id.* (internal citations omitted).

In *Nettles*, the petitioner filed a habeas petition in federal court seeking, among other things, "restoration of good time" in connection with a loss of 30 days of post-conviction credits as a result of a disciplinary decision. 830 F.3d at 927. Petitioner argued "that the disciplinary decision impacted the duration of his confinement because it delayed his parole hearing and constituted grounds for future denial of parole." *Id.* The court found that "because success on [petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [petitioner's] claim does not fall within the core of habeas corpus, and he must instead bring his claim under 1983." *Id.* at 935 (internal citation omitted). The *Nettles* court reasoned that because the parole board has the authority to deny parole based on any of the information presented to it, the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of the infraction compel grant of parole. *Id.*

Pursuant to Title 15, § 2281 of the California Code of Regulations, the California Board of Parole Hearings (the Board), shall conduct suitability hearings in order to determine whether a prisoner shall be released on parole. Cal. Code Regs. tit. 15 § 2281(a). In making a suitability determination, the Board shall consider *all* relevant, reliable information available to them. Cal. Code Regs. tit. 15 § 2281(b) (emphasis added). "A rules violation is merely one of the factors shedding light on whether a prisoner constitutes a current threat to public safety." *Nettles*, 830 F.3d at 935 (internal quotations and citations omitted).

Here, petitioner's claims do not implicate the fact or duration of his confinement and success on petitioner's claim would not necessarily result in the shortening of his sentence. Petitioner is serving an indeterminate term of 45-years-to-life. [Doc. No. 18-2, at p. 1.] He

is also serving an indefinite administrative term in the secure housing unit (SHU) as a result of being validated as an associate of the Mexican Mafia prison gang (now referred to as a "security threat group"). *Id.* Petitioner is statutorily precluded from earning credits against his sentence. *Id.* at pp. 1-2. Petitioner contended in his traverse in support of his state habeas petition in the Del Norte County Superior Court that "the disciplinary conviction jeopardizes parole suitability, apparently when he becomes eligible for parole consideration in about 30 years." *Id.* at p. 2. Notwithstanding petitioner's contention, he will continue to be eligible for parole consideration and may be released once he is found suitable, notwithstanding his July 10, 2013 RVR.

Under applicable law and the circumstances of petitioner's case, the Board could deny parole to petitioner even if he succeeded in expunging the RVR at issue. *Nettles*, 830 F.3d at 935. Because success on petitioner's claims would not necessarily lead to his immediate or earlier release from confinement, petitioner's claims do not fall within the core of habeas corpus.[8]

Here, for the reasons explained, *supra*, the petitioner's claims do not even invoke habeas jurisdiction. For these reasons, it is **RECOMMENDED** that the District Court **DENY** petitioner's federal petition in its entirety.

## IV.  CONCLUSION AND RECOMMENDATION

Petitioner filed his First Federal Petition on August 1, 2016. [Doc. No. 1] and his Amended Petition on September 22, 2016. [Doc. No. 9.] However, petitioner filed his First Federal Petition 41 days after the 365-day AEDPA statute of limitations period, including all applicable statutory tolling, had expired. Further, petitioner has failed to carry his burden of establishing that he qualifies for equitable tolling. Accordingly, this Court

---

[8] If petitioner's claims were not time-barred by AEDPA's one-year statute of limitations, petitioner could have chosen to file a new and separate complaint asserting his claims under 42 U.S.C. § 1983.

1 | **RECOMMENDS** that respondent's Motion to Dismiss [Doc. No. 17], be **GRANTED**

2 | and that the Amended Petition [Doc. No. 9] be **DISMISSED** as time-barred by AEDPA.

3 | This Report and Recommendation is submitted to the assigned United States District

4 | Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules

5 | 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

6 | **IT IS HEREBY ORDERED** that _**30 days from issuance of this Order,**_ any party

7 | to this action may file and serve written objections to this Report and Recommendation.

8 | The document should be captioned "Objection to Report and Recommendation".

9 | **IT IS FURTHER ORDERED** that any reply to the objection shall be filed and

10 | served _**no later than 10 days after being served with the objections**_. The parties are

11 | advised that failure to file objections with the specified time may waive the right to raise

12 | those objections on appear of this Court order. _Martinez v. Ylst_, 951 F.2d 1153, 1156 (9th

13 | Cir. 1991).

14 | **IT IS SO ORDERED**.

15 | Dated: May 30, 2017

16 |

17 | Hon. Karen S. Crawford
United States Magistrate Judge

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |