# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL AGUIRRE BARAJAS,<br><br>Petitioner,<br><br>v.<br><br><br>W. L. MONTGOMERY, Warden, et al.,<br><br>Respondents. | Case No. 16cv2122-BTM (KSC)<br>**ORDER:**<br><br>**(1) ADOPTING IN PART AS MODIFIED AND DECLINING TO ADOPT IN PART THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;**<br><br>**(3) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; and**<br><br>**(4) ISSUING A CERTIFICATE OF APPEALABILITY** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a First Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (ECF No. 11.) He challenges a 2013 prison disciplinary action at Pelican Bay State Prison arising from his participation in a hunger strike, which resulted a guilty finding of willfully delaying a peace officer in the performance of duty, and the forfeiture of ninety days of good conduct custody credits. (Pet. at 1-2, 7-9.) Although Petitioner initially filed this

action in the District Court for the Northern District of California, where Pelican Bay State Prison is located, it was transferred to this Court because Petitioner is currently incarcerated at Calipatria State Prison, located in the Southern District of California, and the preferred forum for a challenge to the execution of a sentence is the custodial court. (ECF No. 5.) Respondent has filed a Motion to Dismiss the Petition contending that: (a) it is untimely, and (b) this Court lacks habeas jurisdiction because success on Petitioner's claims will not necessarily result in his speedier release from custody. (ECF No. 17-1 at 2-7.)

Presently before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Karen S. Crawford which recommends granting Respondent's Motion to Dismiss. (ECF No. 19.) The Magistrate Judge found that this action is untimely because it was commenced 41 days after expiration of the one-year statute of limitations, and that the Court lacks habeas jurisdiction because success on his claims will not result in Petitioner's earlier release from custody. (R&R at 6-12.) No objections to the R&R have been filed.

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge found that Petitioner is not entitled to statutory tolling during the 70-day gap after the state superior court denied his habeas petition on March 9, 2015, and the filing of his habeas petition in the appellate court on May 18, 2015, on the basis that "precedent dictates" that an unexplained 70-day gap is unreasonable under California law. (R&R at 8-9.) However, this Court is not bound by the unpublished decision of the District Court for the Eastern District of California relied on by the R&R. (R&R at 9.) In addition, the Magistrate Judge, in finding the 70-day delay unreasonable, failed to take into account that Petitioner was apparently still housed at the Pelican Bay Security Housing Unit at the relevant time (see Lodgment No. 3 at 1 [ECF No. 18-3 at 1]), and to consider

what delays, if any, may have resulted. See Evans v. Chavis, 546 U.S. 189, 199-200 (2006) (finding that delay of over 60 days is presumptively unreasonable, but suggesting that a prison lockdown or other circumstances preventing a prisoner from timely filing could rebut that presumption). The Court therefore declines to adopt the finding that Petitioner is not entitled to statutory tolling during that 70-day gap. A habeas action brought pursuant to 28 U.S.C. § 2254 would be timely under the one-year statute of limitations applicable to such petitions if Petitioner was entitled to statutory tolling for those 70 days. (See R&R at 9.) The Court does not need to make a determination, however, because that one-year statute of limitations does not apply to this action. As discussed below, Petitioner may not proceed with his claims on federal habeas, but must present them to a federal court, if at all, in a civil rights Complaint filed pursuant to 42 U.S.C. § 1983, which has a different statute of limitations. Accordingly, the Court **DECLINES TO ADOPT** the Magistrate Judge's findings and conclusions regarding the statute of limitations, and **DENIES IN PART** Respondent's Motion to Dismiss on statute of limitations grounds.

The Magistrate Judge found that Petitioner has failed to invoke this Court's habeas jurisdiction on the basis that success on the merits of his claims would not necessarily result in his earlier release from custody, because he is statutorily ineligible to accrue custody credits, and because he could be denied parole even if his disciplinary infraction is invalidated. (R&R at 10-12.) With the following modifications, the Court adopts the finding that this Court lacks habeas jurisdiction over Petitioner's claims.

A state prisoner's claims either lie at "the core of habeas corpus" and are subject to the provisions of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), or they "challenge[] any other aspect of prison life" and are subject to the provisions of the Prison Litigation Reform Act ("PLRA") and "must be brought, if at all, under § 1983." Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc), cert. denied, 137 S.Ct. 645 (2017), citing Preiser v. Rodriguez, 411 U.S. 475, 487 (1973), and Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011). A district court may construe a habeas petition which presents claims which do not lie at the core of habeas as a § 1983 action "after notifying and obtaining

informed consent from the prisoner." Id. at 936 ("If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.")

Petitioner here, as with the California state prisoner in Nettles, is serving an indeterminate term of life imprisonment with the possibility of parole (see Lodgment No. 2 at 1 [ECF No. 18-2 at 1]), and, as with Nettles, claims that his federal constitutional rights were violated by the prison disciplinary action, not only because he lost custody credits but because the existence of the disciplinary infraction has the potential to affect future parole proceedings. Nettles, 830 F.3d at 925. The Ninth Circuit found that Nettles' claim did not lie within the core of habeas corpus because custody credits earned by inmates serving an indeterminate term "go toward advancing only their minimum eligible release date, not their actual release from prison," and that success "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. at 934-35 ("A rules violation is merely one of the factors shedding light on whether a prisoner" is suitable for parole); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("Here, if successful, Ramirez will not necessarily shorten the length of his confinement because there has been no showing by the State that the expungement [of the disciplinary infraction] Ramirez seeks is likely to accelerate his eligibility for parole."); see also In re Jenkins, 50 Cal.4th 1167, 1179-80 (2010) (noting that a prisoner serving an indeterminate life sentence has his or her minimum parole eligibility date advanced though custody credits, but their actual release from prison is wholly dependent on the parole decision). Thus, because there is no showing that success on the merits would "necessarily" have an effect on the duration of his confinement, Petitioner's claims do not lie at "the core of habeas corpus" and "must be brought, if at all, under § 1983." Nettles, 830 F.3d at 927.

///

Accordingly, the Court **ADOPTS AS MODIFIED** the finding of the Magistrate Judge that Petitioner has not invoked this Court's habeas jurisdiction, and that his claims must be brought in federal court, if at all, in a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. Respondent's Motion to Dismiss is **GRANTED IN PART** on that basis, and this action is **DISMISSED** without prejudice to Petitioner to proceed with his claims, if he wishes, in a civil rights Complaint filed pursuant to 42 U.S.C. § 1983.

Although the Court may construe a habeas petition which presents claims which do not lie at the core of habeas as a § 1983 action, "after notifying and obtaining informed consent from the prisoner," the Court declines to so construe this action. See Nettles, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.") There are no allegations against the named Respondents in this action (the California Attorney General and the Warden of the correctional institution where Petitioner is currently confined, not where he was confined at the time of the disciplinary action), and it is unclear who Petitioner seeks to hold personally responsible for the alleged denial of his federal rights. See e.g. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."), citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

Further, venue for such a § 1983 action lies in the Northern District of California, and not in the Southern District of California. A "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). The Magistrate Judge found that Petitioner could have

5

16cv2122-BTM (KSC)

chosen to file a § 1983 action if the AEDPA one-year statute of limitations had not expired. (R&R at 12 n.8.) The Court **DECLINES TO ADOPT** that finding because the statute of limitations for a § 1983 action is not controlled by AEDPA, and because the limitations period for Petitioner's § 1983 claim does not appear to expire for several months yet. Petitioner's claim accrued when he was found guilty of the disciplinary infraction on July 25, 2013. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.") The statute of limitations began tolling 38 days later when Petitioner began exhausting his administrative remedies on September 3, 2013, when he filed his first level grievance (ECF No. 11 at 49), and continued to toll until the final decision at the director's level of review on December 23, 2013 (id. at 57). See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) (finding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" required by 42 U.S.C. § 1997e(a)). The effective statute of limitations for most California prisoners is four years, the two year limitations period plus two years statutory tolling due to incarceration. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2002). Although the Court makes no determination regarding the statute of limitations, it appears Petitioner has four years, less 38 days, from December 23, 2013, to timely file a § 1983 action in the Northern District of California if he wishes to do so.

Because venue over such an action lies in the Northern District of California and not in this District, because the Petition is not amenable to conversion on its face, because Petitioner has not chosen to proceed with a § 1983 action, and because this action was transferred to this Court from the Northern District, it does not appear that the interests of justice counsel in favor of this Court construing this action as a § 1983 Complaint and transferring it back to the Northern District. In addition to the reasons set forth above, it might also expose Petitioner to the provisions of the PLRA, one of which provides that the entire $350 civil filing fee must be collected even if he qualifies to proceed in forma pauperis, and regardless of whether his action is ultimately dismissed. Bruce v. Samuels,

577 U.S. ___, 136 S. Ct. 627, 630 (2016). Accordingly, the Court declines to construe this action as a civil rights complaint pursuant to 42 U.S.C. § 1983. See Nettles, 830 F.3d at 936.

**CONCLUSION AND ORDER**

As set forth above, the Court **DECLINES TO ADOPT IN PART** and **ADOPTS IN PART AS MODIFIED** the findings and conclusions of the Magistrate Judge, and **GRANTS IN PART** and **DENIES IN PART** Respondent's Motion to Dismiss. The Petition for a writ of habeas corpus is **DISMISSED** without prejudice to Petitioner to proceed with his claims, if he wishes, in a Complaint filed in the Northern District of California pursuant to 42 U.S.C. § 1983.

The threshold for granting a Certificate of Appealability is "relatively low." Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002). "[T]he petitioner need not show that he should prevail on the merits," and the inquiry is "whether jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). Petitioner may be entitled to a certificate when the "questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983) (citation omitted), superseded on other grounds by 28 U.S.C. § 2253(c)(2). Accordingly, the Court **ISSUES** a Certificate of Appealability. The Clerk shall enter judgment accordingly.

DATED: August 29, 2017

_____
BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE